UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRAIG BURBULES,

                Plaintiff,

     v.                                          DECISION AND ORDER
                                                             06-CV-856S

FEDEX GROUND PACKAGE SYSTEM, INC.

                Defendant.

---

       1.     This case was originally assigned to Senior District Court Judge John T. Elfvin and was reassigned to the undersigned when Judge Elfvin elected to take inactive status.

       2.     On January 16, 2007, Defendant filed a Motion to Compel Arbitration and Stay Litigation in this case.

       3.     Although Defendant utilized incorrect methods when electronically filing its motion, and again failed to re-file when so advised by the Clerk's office, the Court nevertheless set deadlines for response and reply to the motion. On February 8, 2007, the response and reply dates were extended to March 9, 2007 and March 14, 2007, respectively. The motion was deemed submitted March 14, 2007.

       4.     Plaintiff has neither opposed the motion nor filed any papers in response.

       5.     Upon review of Defendant's motion and supporting papers, the Court finds that the parties entered into a contract (the Contractor Operating Agreement), the provisions of which clearly "involv[ed] commerce". Hence, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), applies to this matter. *See* Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 273-74, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995).

6. The FAA provides that a

> written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.   The FAA also provides that "

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....

9 U.S.C. §3.

7. This Court finds that the aforementioned Contractor Operating Agreement contained a written provision constituting an agreement to arbitrate (at paragraph 12.3), that the claims in the instant complaint fall squarely within the scope of that arbitration provision, and that the complaint contains no non-arbitrable statutory claims. Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987); Souter v. Tatro, 03-CV-6141 CJS, 2004 WL 1574562, *5 (W.D.N.Y. 2004); Latulas v. Labor Ready Northeast, Inc., No. 03-CV-0120A(Sr), 2004 WL 1570304 (W.D.N.Y. 2004).

IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration and Stay Litigation (Docket No. 4) is GRANTED.

FURTHER, that the claims alleged in the instant complaint be referred to arbitration and the instant litigation be stayed pending the conclusion of such arbitration.

FURTHER, that this case is hereby closed as stayed. This case can be re-opened

by either party without payment of additional filing fees upon completion of arbitration, if necessary.

    SO ORDERED.

Dated:  November 2, 2007
         Buffalo, New York

                                   <u>/s/William M. Skretny</u>
                                   WILLIAM M. SKRETNY
                              United States District Judge